## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TRAVIS ISAAC (#390359)**

**VERSUS**

**DARREL VANNOY, ET AL.**

**CIVIL ACTION**

**NO. 19-226-BAJ-SDJ**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 21, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRAVIS ISAAC (#390359)

VERSUS

DARREL VANNOY, ET AL.

CIVIL ACTION

NO. 19-226-BAJ-SDJ

**REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Petitioner's application should be denied. There is no need for oral argument or for an evidentiary hearing.

Petitioner, Travis Isaac, challenges his conviction of armed robbery and convicted felon in possession of a firearm, entered in 2013 in the Eighteenth Judicial District Court for the Parish of Pointe Coupee, State of Louisiana. On April 16, 2019, Petitioner filed a petition for a writ of habeas corpus contending: (1) ineffective assistance of counsel due to trial counsel's failure to investigate, interview, and call an alibi witness to testify, (2) ineffective assistance of counsel due to his trial counsel's inexperience, (3) ineffective assistance of counsel due to trial counsel's failure to file a motion to suppress because the affidavit filed in support of the search warrant was based on false information, and (4) ineffective assistance of counsel because trial counsel failed to object to the introduction of money into evidence at trial.

**Procedural History**

After a trial by jury conducted in October of 2013, Petitioner was found guilty of armed robbery and convicted felon in possession of a firearm. On December 11, 2013, Petitioner was sentenced to a total of 124 years imprisonment.[1] Petitioner thereafter appealed his conviction to

---
[1] R. Doc. 16, pp. 91 through R. Doc. 17, pp. 1; R. Doc. 18, pp. 21; 27-34.

2

the Louisiana First Circuit Court of Appeal ("First Circuit"). On January 27, 2015, the First Circuit affirmed Petitioner's conviction, but remanded to the Eighteenth Judicial District Court for resentencing, as the trial court failed to impose the mandatory penalties for the conviction of felon in possession of a firearm.[2] Petitioner was resentenced on March 11, 2015, with $5,000 in penalties added to his original sentence.[3] Petitioner appealed the First Circuit's January 27, 2015 ruling affirming his conviction to the Louisiana Supreme Court, which denied review on April 8, 2016. *State ex rel. v. Travis*, 2015-0470 (La. 4/8/16), 191 So.3d 582 (Mem).

On or about March 1, 2017, Petitioner filed an application for post-conviction relief in the Eighteenth Judicial District Court, asserting ineffective assistance of counsel claims and complaining about deficits in the amended bill of information.[4] The trial court denied the application on April 25, 2017, on the grounds that it "raise[d] [the] same issues [Petitioner raised] on appeal and/or issues not raised on appeal do not warrant relief."[5] The First Circuit denied Petitioner's application for a supervisory writ on August 4, 2017.[6] The Louisiana Supreme Court subsequently denied review on November 20, 2018.[7]

On or about April 16, 2019, Petitioner filed the instant application for habeas corpus relief in this Court.[8]

## Timeliness

The Court concludes that Petitioner's application for habeas corpus relief is untimely. Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal

---

[2] R. Doc. 16, pp. 10-23.
[3] R. Doc. 15, p. 13.
[4] R. Doc. 15, pp. 20-41; 65-89.
[5] R. Doc. 15, p. 21.
[6] R. Doc. 15, pp. 17-18.
[7] R. Doc. 15, p. 1.
[8] Petitioner's case was dismissed without prejudice on July 26, 2019, for failure to pay the filing fee. After Petitioner submitted the required filing fee on August 5, 2019, Petitioner's case was re-opened on October 15, 2019. See R. Docs. 8, 10.

3

habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. As a result, after a ruling by the state's highest court on direct appeal, a petitioner's judgment becomes final when the United States Supreme Court issues a decision denying discretionary review or, if no application for review is made, upon the conclusion of the 90-day time period for seeking such review.[9]

The state argues that Petitioner's conviction became final thirty days after the Louisiana Supreme Court denied review of the First Circuit's opinion affirming Petitioner's conviction and Petitioner's sentence separately became final on April 10, 2015, thirty days after Petitioner was re-sentenced. The Fifth Circuit addressed this issue in *Scott v. Hubert*:

> [W]e hold that when a state prisoner's conviction is affirmed on direct appeal but the sentence is vacated and the case is remanded for resentencing, the judgment of conviction does not become final within the meaning of 28 U.S.C. § 2244 (d)(1)(A) until both the conviction and the sentence have become final by the conclusion of direct review or the expiration of time for seeking such review.[10]

In the instant case, the judgment did not become final until July 7, 2016, ninety days after the Louisiana Supreme Court denied review on Petitioner's direct appeal. This is the date when both Petitioner's conviction and sentences became final.[11] Thereafter, approximately 237 days elapsed before Petitioner filed his post-conviction application on March 1, 2017. The Louisiana First Circuit Court of Appeal denied Petitioner's writ application on August 4, 2017, and the Louisiana Supreme Court denied his application for supervisory writs on November 20, 2018.

---

[9] *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th. Cir. 2003).
[10] 635 F.3d 659 (5th. Cir. 2011).
[11] It appears from the record that Petitioner did not appeal the re-sentence that occurred on March 11, 2015, which would have become final thirty days later, on April 10, 2015.

4

Approximately 147 days passed between the denial of Petitioner's writ application by the Louisiana Supreme Court and the filing of the instant petition on April 16, 2019. This results in a total of 384 days of untolled time during which Petitioner did not have any properly-filed application for post-conviction or other collateral relief pending before the state courts. Accordingly, because more than a year elapsed during which Petitioner did not have any properly-filed applications for post-conviction or other collateral review pending before the state courts, Petitioner's application is untimely.

Having found Petitioner's application to be untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless Petitioner can establish either that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B)—because there was a state-created impediment to timely filing—or that he is entitled to equitable tolling. To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Petitioner must show that he was prevented from filing a petition by a state-created impediment in violation of the Constitution or federal law.[12] Petitioner has made no such showing in this case. Accordingly, there is no suggestion in the record that Petitioner is entitled to statutory tolling.

Nor is there any basis in the record for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances."[13] The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[14] "A petitioner's failure to satisfy the statute of limitations must

---

[12] *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003).
[13] *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000).
[14] *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999).

result from external factors beyond his control; delays of the petitioner's own making do not qualify."[15]

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.[16] Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling.[17] Further, equitable tolling "is not intended for those who sleep on their rights."[18] Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts.[19] "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence,"[20] and equitable tolling decisions "must be made on a case-by-case basis."[21]

The circumstances of this case are not "extraordinary" such that equitably tolling can be applied. Petitioner has demonstrated no such diligence and alacrity. Approximately 237 days passed between the time Petitioner's conviction became final and the filing of Petitioner's post-conviction application in the state trial court. Petitioner waited an additional 147 days after the Louisiana Supreme Court denied his writ application before filing the instant petition. As such, Petitioner did not diligently pursue his rights, nor was he prevented from doing so in some extraordinary manner. Accordingly, Petitioner's application should be denied as untimely.

---

[15] *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).
[16] *Pace v. DiGuglielmo, supra,* 544 U.S. at 418.
[17] *Tate v. Parker,* 439 F. App'x. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–2 (5th Cir. 2000).
[18] *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012).
[19] *See Ramos v. Director,* 2010 WL 774986, *4 (E.D. Tex. 2010).
[20] *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks omitted).
[21] *Id.* at 649–50.

## CERTIFICATE OF APPEALABILITY

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[22] Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.[23] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[24] In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[25] In the instant case, the Court finds that reasonable jurists would not debate the denial of Petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that Petitioner's application for habeas corpus relief be denied, and that this proceeding be dismissed. It is further recommended that, in the event Petitioner pursues an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on April 21, 2022.

_____
SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

[22] 28 U.S.C. § 2253(c)(1)(A).
[23] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[24] 28 U.S.C. § 2253(c)(2).
[25] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original).